**MASCHOFF GILMORE & ISRAELSEN**
Charles J. Veverka (# 07110)
Rachel Jacques (#13250)
1441 West Ute Boulevard, Suite 100
Park City, UT 84098
Telephone: (435) 252-1360
Facsimile: (435) 252-1361
E-mail: cveverka@mgiip.com
E-mail: rjacques@mgiip.com

**Attorneys for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| WILSON ELECTRONICS, INC.,<br>a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>WIRELESS EXTENDERS, INC.,<br>a Georgia corporation, d/b/a<br>WI-EX,<br><br>Defendant. | COMPLAINT<br><br>JURY DEMANDED<br><br>Case No. 2:12-cv-00442-PMW<br><br>Magistrate Judge Paul M. Warner |

Plaintiff Wilson Electronics, Inc., ("Wilson") complains and alleges against Defendant Wireless Extenders, Inc., d/b/a WI-EX ("Defendant" or "Wi-Ex") as follows:

**PARTIES**

1. Plaintiff Wilson is a Utah corporation located at 3301 East Deseret Drive, St. George, Utah 84790.

2. On information and belief, Defendant Wi-Ex is a Georgia corporation located at One Meca Way, Building E., Norcross, Georgia 30093.

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. §§ 1 *et seq*., including 35 U.S.C. § 271 and a declaratory judgment action for non-infringement of trademark rights pursuant to 28 U.S.C. §§ 2201 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act under 28 U.S.C. § 2201 pursuant to 15 U.S.C. § 1114.

3. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement in this judicial District and elsewhere in Utah; (ii) regularly doing business or soliciting business by virtue of Defendant's nationwide, interactive and commercial website which directs Defendant's services and products to Utah residents and by regularly soliciting and contracting with Utah businesses to become authorized dealers or installers of Defendant's products; and (iii) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

4. Defendant's www.wi-ex.com website currently identifies ten Utah businesses which Defendant contracts with to sell or install its products. These authorized dealers and/or installers are located in Salt Lake City, Park City, Cedar City, Draper, Oakley and Moab, Utah.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

6. Wilson designs and manufactures a wide variety of products marketed to improve communications for cell phones and cellular data devices and is a leader in the sale of cell phone signal boosters, including the Wilson Sleek® cell phone booster device.

7. Wilson has sought protection for its technological innovations resulting in various patents, including United States Patent Nos.: 7,684,838 (the "'838 Patent") and D626,953 (the "'953 Design Patent") at issue in this action.

8. The '838 Patent issued on March 23, 2010, with a filing date of May 22, 2008.

9. The '953 Design Patent issued on November 9, 2010, with a filing date of January 5, 2010.

10. Wilson is the owner by assignment of both the '838 Patent and the '953 Design Patent.

11. Defendant Wi-Ex purports to be a leader in consumer cell phone signal booster kits.

12. Defendant purports to develop, manufacture and distribute the zBoost zForce YX240 cell phone signal booster (the "Accused Device").

13. On information and belief, Defendant operates and maintains a website at www.wi-ex.com, where Defendant's products and services, including the Accused Device, are marketed to consumers nationwide.

14. On information and belief, Defendant is the owner of the federally registered trademarks for zBoost and WI-EX.

15. In 2011, Defendant contacted Wilson, alleging that Wilson improperly used the zBoost and/or WI-EX trademarks, or variations thereof, as part of Wilson's adword or keyword Internet advertising campaign in violation Defendant's intellectual property rights.

16. In a cease and desist letter dated September 13, 2011, Defendant asserted that Wilson's actions, violated "multiple international criminal laws as well as civil laws regarding trademark infringement, counterfeiting, and unfair competition." *See* Exhibit A

17. In this same letter, Defendant further demanded that Wilson remove all references to zBoost and/or WI-EX from its website and any ads that were being purchased by or on behalf of Wilson. *Id.*

18. On September 14, 2011, Wilson responded to Defendant's letter and, in an effort to avoid a dispute, promptly cooperated with Defendant to resolve its allegations; however, Defendant has not removed its threatened litigation.

**COUNT ONE**

(Patent Infringement of U.S. Patent No. 7,684,838)

19. Plaintiff reallages and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

20. On information and belief, Defendant has infringed and continues to infringe one or more claims of the '838 Patent by making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States the Accused Device.

21. Defendant's actions constitute infringement of the '838 Patent in violation of 35 U.S.C. § 271.

22. Wilson has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

23. Wilson is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

24. Defendant's infringement of Wilson's rights under the '838 Patent will continue to damage Wilson's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

25. Upon information and belief, Defendant has willfully infringed the '838 Patent, entitling Wilson to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT TWO**
(Patent Infringement of U.S. Patent No. D626,953)

26. Plaintiff reallages and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

27. Upon information and belief, Defendant has infringed and continues to infringe the '953 Design Patent by making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Device, the design of which is substantially similar to the ornamental design of the '953 Design Patent.

28. Defendant's actions constitute infringement of the '953 Design Patent in violation of 35 U.S.C. § 271.

29. Wilson has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

30. Wilson is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

31. Defendant's infringement of Wilson's rights under the '953 Design Patent will continue to damage Wilson's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

32. On information and belief, Defendant has willfully infringed the '953 Design Patent, entitling Wilson to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

33. Alternatively, Plaintiff is entitled to recover Defendant's total profits from its sale of the Accused Device under 35 U.S.C. § 289.

**COUNT THREE**

(Declaratory Judgment of Non-infringement of the zBoost and WI-EX Trademarks)

34. Plaintiff reallages and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

35. An actual, present and justiciable controversy exists between the parties regarding Defendant's allegations of trademark infringement by Wilson.

36. In a cease and desist letter dated, September 13, 2011, Defendant accused Wilson of, *inter alia*, trademark infringement and demanded that Wilson immediately remove all

references to zBoost and/or WI-EX from its website and any Internet advertisements. *See* Exhibit A.

37. Wilson therefore seeks declaratory judgment from this Court that the alleged actions by Wilson do not constitute infringement of any trademark rights allegedly held by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Wilson asks this Court to enter judgment in its favor and against Defendant and grant the following relief:

A. An adjudication that Defendant has infringed and continues to infringe the '838 Patent and the '953 Design Patent as alleged above;

B. Orders of this Court temporarily, preliminarily, and permanently enjoining Defendant, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner any claim of the '838 Patent and the '953 Design Patent, pursuant to at least 35 U.S.C. § 283.

C. An award of damages adequate to compensate Plaintiff for Defendant's infringement of the '838 Patent in an amount to be proven at trial;

D. An award of damages adequate to compensate Plaintiff for Defendant's infringement of the '953 Design Patent in an amount to be proven at trial, or in the alternative, an award of Defendant's total profits under 35 U.S.C. § 289.

E. An assessment and award of pre- and post-judgment interest on all damages awarded;

F. A finding that this case is an exceptional case and an award of Plaintiff's costs and attorney fees under 35 U.S.C. § 285;

G. A trebling of the damages awarded to Plaintiff for Defendant's willful infringement under 35 U.S.C. § 284;

H. A declaratory judgment that Wilson has not infringed any of Defendant's allegedly held trademark rights in the zBoost and/or WI-EX trademarks; and

I. Any further relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Respectfully submitted,

DATED: May 7, 2012.

By: *\/s/ C.J. Veverka*
C.J. Veverka
Rachel Jacques

*Attorneys for Plaintiff*,
WILSON ELECTRONICS, INC.