Dax D. Anderson (10168)
KIRTON McCONKIE
60 East South Temple, Suite 1800
Salt Lake City, Utah 84111
Phone: (801) 328-3600
Fax: (801) 321-4893
Email: danderson@kmclaw.com

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILSON ELECTRONICS, INC. a Utah Corporation<br><br>Plaintiff,<br><br>vs.<br><br>WIRELESS EXTENDERS, INC., a Georgia Corporation *dba* WI-EX<br><br>Defendant. | Civil Action No. 2:12-cv-00442<br><br>Magistrate Judge Paul M. Warner<br><br>**ANSWER AND COUNTERCLAIM** |

Defendant Wireless Extenders, Inc. ("Wi-Ex") files this ANSWER to the Complaint of Plaintiff, Wilson Electronics, Inc. ("Wilson") as follows.

## PARTIES

1. Admitted.

2. Admitted as to Counts One and Two, Denied as to Count Three.

## NATURE OF ACTION

1. Admitted.

## JURISDICTION AND VENUE

2. Admitted.

3. Admitted as to personal jurisdiction and otherwise denied.

4. Admitted as to the time of filing of the Complaint and otherwise denied.

5. Admitted.

## FACTUAL BACKGROUND

6. Wi-Ex lacks sufficient information to admit or deny, and therefore denied.

7. Denied as to “technological innovations” and otherwise admitted.

8. Admitted.

9. Admitted.

10. Wi-Ex lacks sufficient information to admit or deny, and therefore denied.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied as to removal of threat and otherwise admitted

## COUNT ONE

19. Preceding answers repeated.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

**COUNT TWO**

26. Preceding answers repeated.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

**COUNT THREE**

34. Preceding answers repeated.

35. Denied.

36. Admitted.

37. Denied.

**PRAYER FOR RELIEF**

Wi-Ex denies that Wilson is entitled to any relief.

**AFFIRMATIVE DEFENSES**

1. Waiver and Estoppel in that the trademark infringement allegation has been resolved.

2. Wi-Ex has not infringed U.S. Patent No. 7,684,838.

3. Wi-Ex has not infringed U.S. Patent No. D626,953.

4. U.S. Patent No. 7,684,838 is invalid or unenforceable under one or more of 35 USC § 101, 102, 103, 112, and the doctrine of inequitable estoppel.

5. U.S. Patent No. D626,953 is invalid or unenforceable under one or more of 35 USC § 101, 102, 103, 112, and the doctrine of inequitable estoppel.

6. The Complaint fails to state a claim for which relief can be granted.

## **COUNTERCLAIM**

### PARTIES

1. Plaintiff Wi-Ex is a Georgia corporation located at One Meca Way, Building E., Norcross, Georgia 30093

2. On information and belief, Defendant Wilson is a Utah corporation located at 3301 East Deseret Drive, St. George, Utah 84790.

### NATURE OF THE ACTION

3. This is an action for declaratory judgment action for non-infringement and invalidity of U.S. patents pursuant to 28 U.S.C. §§ 2201 *et seq.*

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to the Declaratory Judgment Act under 28 U.S.C. § 2201 pursuant to 15 U.S.C. § 1114.

5. This Court has personal jurisdiction over Defendant because it resides, regularly conducts business, and has initiated related litigation against Plaintiff in this judicial District.

## FACTUAL BACKGROUND

7. Wilson has sued Wi-Ex alleging that the product sold by Wi-Ex known as the zBoost zForce YX240 cell phone signal booster (the "Accused Device") infringes U.S. Patent Nos. 7,684,838 and D626,953.

## COUNT ONE

8. Wi-Ex has not infringed U.S. Patent No. 7,684,838.

## COUNT TWO

9. Wi-Ex has not infringed U.S. Patent No. D626,953.

## COUNT THREE

10. U.S. Patent No. 7,684,838 is invalid or unenforceable under one or more of 35 USC § 101, 102, 103, 112, and the doctrine of inequitable estoppel.

## COUNT FOUR

11. U.S. Patent No. D626,953 is invalid or unenforceable under one or more of 35 USC § 101, 102, 103, 112, and the doctrine of inequitable estoppel.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wi-Ex asks this Court to enter judgment in its favor and against Defendant and grant the following relief:

1. A Declaratory Judgment that the Accused Device does not infringe U.S. Patent No. 7,684,838;

2. A Declaratory Judgment that the Accused Device does not infringe U.S. Patent No. D626,953;

3. A Declaratory Judgment that U.S. Patent No. 7,684,838 is invalid or unenforceable under one or more of 35 USC § 101, 102, 103, 112, and the doctrine of inequitable estoppel;

4. A Declaratory Judgment that U.S. Patent No. D626,95 is invalid or unenforceable under one or more of 35 USC § 101, 102, 103, 112, and the doctrine of inequitable estoppel;

5. An order that this case is an exceptional case and an award of Plaintiff's costs and attorney fees under 35 U.S.C. § 285

6. Any further relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

DATED this 15th day of October, 2012.

KIRTON & McCONKIE

By: /s/Dax D. Anderson
Dax D. Anderson

Attorney for Defendant
WIRELESS EXTENDERS, INC. *dba* WI-EX